# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JODI HYNES, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>MCGOLDRICK, INC., *doing business as* Admiral D's, and GREGORY HECK, *individually*,<br><br>Defendants. | Civil No. 11-3512 (JRT/JSM)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

Thomas J. Lyons, **LYONS LAW FIRM, P.A.**, 367 Commerce Court, Vadnais Heights, MN 55127 for plaintiff.

Scott R. Martin, **MARTIN LAW FIRM**, 4856 Banning Avenue, White Bear Lake, MN 55110, for defendants.

Plaintiff Jodi Hynes seeks $29,757.65 in attorneys' fees and costs associated with her Electronic Funds Transfer Act, 15 U.S.C. §§ 1693 *et seq.* ("EFTA") claims. Defendant Gregory Heck opposes Hynes' motion, arguing that Hynes' request was untimely and that the requested fees and costs are unreasonable and excessive. Because the Court finds that Heck was not prejudiced by Hynes' late submission and the fees and costs requested are largely reasonable, the Court will grant-in-part Hynes' motion, awarding $24,202.73 in attorneys' fees and costs.

## BACKGROUND

Hynes filed her complaint in December 2011, alleging that Defendants violated the EFTA. The EFTA, at the time of the Complaint,[1] required that an ATM operator provide both on-screen and on-machine notice of any fees imposed on consumers by the operator. 15 U.S.C. § 1693b(d)(3)(B) (2010). Hynes alleged that she had not received the on-machine notice required by the statute and sought both actual and statutory damages, individually and on behalf of a Class of all people who has used the same ATM while the on-machine notice was absent. (*See* Compl. ¶¶ 12-13, Dec. 2, 2011, Docket No. 1.) After more than a year of litigation and after Hynes had moved for summary judgment, Heck offered to "resolve all issues and claims" on February 8, 2013. (Notice of Acceptance of Offer, Ex. 1, Def.'s Offer of J. at 1, Feb. 19, 2013, Docket No. 29.) Heck's Offer of Judgment provided, in part:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Heck hereby offers to fully and finally resolve all issues and claims raised and asserted in this litigation under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* (including claims for any damages, costs, expenses, attorneys' fees, or any other relief) by agreeing to have judgment entered against Heck and in favor of Plaintiff in the amount of $1,050.00, plus reasonable costs, including attorneys' fees and expenses, in an amount to be determined by the Court.
>
> The reasonable costs, attorneys' fees and expenses, include only other reasonable costs, fees and expenses incurred by the Plaintiff in connection with this matter through the date of this offer of judgment, as well as any pre-judgment interest.

---

[1] The EFTA was amended, effective December 20, 2012, eliminating the on-machine notice requirement. *See* 15 U.S.C. § 1693b.

(*Id.* at 1-2)  The offer also specified that it was "not to be construed as an admission of liability or damages by Heck." (*Id.* at 2.)  Hynes accepted Heck's offer on Feb. 19, 2013. (Notice of Acceptance of Offer.)  The Court entered Judgment in favor of Hynes against Heck on February 21, 2013.  (Docket No. 31.)  On April 2, 2013, the parties filed a Joint Stipulation of Partial Dismissal with Prejudice, dismissing McGoldrick, Inc. and Heck "with leave being granted for Plaintiff's attorney to file a contested fee petition against Defendant Gregory Heck."  (Docket No. 33.)  Hynes brought this motion for attorneys' fees and costs, pursuant to Local Rule 54.3, on April 2, 2013. (Docket No. 34.)

## DISCUSSION

### I. STANDARD OF REVIEW

The EFTA provides that any person that fails to comply with its provisions is liable "in the case of any successful action" to "the costs of the action, together with a reasonable attorney's fee as determined by the court."  15 U.S.C. § 1693m(a)(3).  These costs and fees are in addition to actual damages, *id.* § 1693m(a)(1) and statutory damages, *id.* § 1693m(a)(2).  Courts may calculate reasonable attorneys' fees using the lodestar method.  *See, e.g.*, *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 244 (8th Cir. 1996).  "Under the 'lodestar' methodology, the hours expended by an attorney are multiplied by a reasonable hourly rate of compensation so as to produce a fee amount which can be adjusted, up or down, to reflect the individualized characteristics of a given action."  *Id.*

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In determining whether a requested hourly rate is reasonable, "district courts may rely on their own experience and knowledge of prevailing market rates." *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). The Court must also consider "the [party]'s overall success; the necessity and usefulness of the [party]'s activity in the particular matter for which fees are requested; and the efficiency with which the [party]'s attorneys conducted that activity." *Jenkins ex rel. Jenkins v. Missouri*, 127 F.3d 709, 718 (8th Cir. 1997). "The most critical factor in assessing fees is the degree of success obtained." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 852 (8th Cir. 2002).

## II. COMPLIANCE WITH LOCAL RULE 54.3

Heck asks the Court to deny Hynes' motion for fees because it was filed more than thirty days after entry of judgment. Minnesota Local Rule 54.3[2] requires a party seeking fees and costs to file its motion within thirty days after judgment is entered. Although Judgment was entered on February 21, 2013, Hynes' counsel did not file a motion for fees and costs until April 2, 2013. Counsel explains in his reply that he missed the thirty day limit because he was engaged in extended negotiations over the terms of the

---

[2] Local Rule 54.3 was amended, effective May 14, 2013, after this motion was fully briefed. The version of the rule in effect at the time of the motion stated:

> In . . . cases in which attorney's fees are sought, the party seeking an award of fees shall: (1) Within 30 days of entry of judgment in the case, file and serve an itemized motion for the award of fees. . . . (3) For good cause shown, the Court may excuse failure to comply with LR 54.3(b).

Minn. L. R. 54(b) (2012).

stipulation for dismissal. Moreover, the Joint Stipulation, which was filed on the same day as counsel's motion for fees, grants counsel leave to file a contested fee petition. The Court finds that the Defendants were not prejudiced by the lateness of the submissions and will exercise its discretion to consider the motion. *See Amendola v. Mayo Found. for Med. Educ. & Research*, Civ. Nos. 08-6231 and 08-6232, 2010 WL 2697114, at *1 n.1 (D. Minn. July 6, 2010).

## II. ATTORNEYS' FEES

Heck objects to Hynes' request for fees on multiple grounds, arguing that Hynes is not entitled to fees because she never established non-compliance with the EFTA and because her action was unsuccessful, or that Hynes' fees should be limited because her counsel spent too much time on the action and charged too much for the time. Heck further argues that the Court should not award fees and costs for work done after February 8, 2013, the date he made his offer of judgment. Finally, Heck contends that Hynes' fee demand should be reduced based on the Rule of Proportionality. The Court will address each argument in turn.

### A. Liability for Attorneys' Fees Under the EFTA

The EFTA's fees provision states: "[e]xcept as otherwise provided by this section and section 1693h of this title, **any person who fails to comply with any provision of this subchapter** with respect to any consumer . . . is liable to such consumer . . . ." 15 U.S.C. § 1693m(a) (emphasis added). Heck argues that this provision should not be triggered at all because Hynes did not establish that Heck failed to "comply with any

provision" of the EFTA but, rather, accepted an offer of judgment that stated that it was "not to be construed as an admission of liability or damages by Heck." (Def.'s Offer of J. at 2.) Nevertheless, Heck also agreed in his Offer of Judgment to have judgment entered against him "in the amount of $1050.00, **plus reasonable attorneys' fees and expenses**, in an amount to be determined by the Court." (*Id.* (emphasis added).) Thus, regardless of whether Heck failed to comply with the EFTA, Heck agreed to be liable to Hynes for her reasonable attorneys' fees and costs.

B. Success

As noted above, "[t]he most critical factor in assessing fees is the degree of success obtained." *Fish*, 295 F.3d at 852. "This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Hensley*, 461 U.S. at 434. Although Hynes' action was never certified as a class action, she did recover actual and statutory damages from Heck. Moreover, her class action claims were related to the claims on which she did succeed. *See id.* (noting that a court must address whether a plaintiff failed to "prevail on claims that were unrelated to the claims on which he succeeded"). Heck does not identify any hours that were related solely to the unsuccessful claims, and, in any event, the Court finds that Hynes' claims are sufficiently interrelated that the time for class action claims could not be reasonably separated from the time spent litigating her individual claims. *See Jenkins ex rel. Agyei v. Missouri*, 838 F.2d 260, 264-65 (8th Cir. 1988). In addition, Heck's intention to seek

class certification may have increased the likelihood of an individual settlement. The Court finds that no deduction is required on the basis that a class was never certified.

### C.     Hourly Rate

The Court must also determine whether the hourly rate requested by Hynes' attorney, Thomas J. Lyons, is reasonable. Lyons requests $450 per hour and presented evidence of other consumer protection cases in which he and other attorneys received rates ranging from $275 to $565 per hour. The Court finds, based upon its experience and upon the affidavits submitted by Hynes, that Lyons' rate and the rates charged by his staff are reasonable for this type of case in the Twin Cities metropolitan area.

### D.     Time Spent on the Action

An award of attorneys' fees must be based on hours that were "reasonably expended." *Hensley*, 461 U.S. at 434. When determining the number of hours reasonably expended on litigation, the Court must exclude claimed hours that are "excessive, redundant, or otherwise unnecessary." *Id.* Additionally, "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433. Heck claims that Hynes' counsel's time entries are excessive, vague, and consist of improper block billing – that is, the lumping together of time entries consisting of two or more task descriptions.

The time spent on this case is excessive, according to Heck, because Lyons had so many years of experience in the law, specializes in consumer protection cases, and represented two other plaintiffs in similar cases. Heck specifically objects to numerous

time entries, claiming, for example, that Lyons' meeting with Hynes was "unnecessarily long," and that the time spent by Lyons' firm on research was "unreasonable for someone of his experience." (Def.'s Mem. in Opp. at 10.) Although Lyons has experience in this area, each case has unique attributes and requires individual attention. Having reviewed the time records submitted, the Court finds that the time spent by Lyons researching the case and preparing the filings was reasonable.

Heck argues that the time billed by Hynes' counsel between June 21, 2012 and October 23, 2012 is redundant because Heck has already compensated Hynes for those fees and costs. The Court ordered a sanction "pursuant to D. Minn. Local Rule 7.1(g)" because of Heck's counsel's failure to comply produce discovery responses. (Order, Oct. 23, 2012, Docket No. 21.) It is unclear from the record, however, how much Hynes was compensated by Heck. Moreover, even if Heck is correct that he paid $1,500 as a sanction (*see* Def.'s Mem. in Opp. at 11), Hynes' counsel claims fees in excess of $1,500 between June 21, 2012 and October 23, 2012. The Court finds that Hynes submitted adequate evidence to demonstrate the hours worked during this period, and that Heck has not submitted sufficient evidence to preclude Hynes from being entitled to those fees. *See Hensley*, 461 U.S. at 437.

Heck also objects that Lyons' time entries are vague and reflect improper block billing. The Eighth Circuit has not prohibited block billing, however, *see King v. Turner,* Civ. No. 05–388, 2007 WL 1219308, at *3 (D. Minn. Apr. 24, 2007). While the Court has some concern that block billing may decrease accountability of attorneys in specifically recording their time expended, and the Court would prefer that attorneys

avoid the practice, the Court finds that the billing records are sufficiently specific in this case to communicate what was done and its connection to the case. With the exception of the time entries on October 16, 2012, and October 18, 2012, which reference "Rule 408" or "class settlement" (Decl. of Thomas J. Lyons, Ex. 3, Apr. 2, 2013, Docket No. 37), the Court finds that the billing records sufficiently demonstrate that the billed work related to Defendants. The fees related to October 16, 2012 and October 18, 2012, $551.88, will not be allowed.

In sum, the Court finds, with the minor exception discussed above, that the hours billed by Hynes' attorneys are reasonable in light of the type of claims and the length of the litigation. Further, the Court concludes that, through most of the litigation, Lyons appropriately staffed the case, appropriately using both his law clerk and legal assistant.

### E. Post-Offer of Judgment Fees and Costs

The Offer of Judgment accepted by Hynes specified that the "reasonable costs, attorneys' fees and expenses, include only other reasonable costs, fees and expenses incurred by the Plaintiff in connection with this matter **through the date of this offer of judgment,** as well as any pre-judgment interest." (Def.'s Offer of J. at 2 (emphasis added).) Nevertheless, Hynes requests $3,675.20 in fees and $80.44 in costs[3] incurred from February 11 to March 25, 2013. The Court finds that these fees and costs are precluded by the offer of judgment and should not be allowed.

---

[3] $26.89 of these expenses is computerized research. *See* Part III, *infra*.

### F. Rule of Proportionality

Heck argues that Hynes' requested fees and costs are unreasonable because they are excessive in proportion to the $1,050 settlement that Hynes received. But the amount of attorney fees need not be proportionate to the amount of damages recovered when Congress establishes a statutory scheme that provides for statutory damages and fee shifting. *Loggins v. Delo*, 999 F.2d 364, 368 (8th Cir. 1993) (acknowledging that "proportionality between the amount of damages and fee awards was not required"); *see also Phenow v. Johnson, Rodenberg & Lauinger, PLLP*, 766 F. Supp. 2d 955, 959 (D. Minn. 2011) (discussing the appropriateness of disproportionate fees in consumer-protection cases). The Court finds that a reasonable fee need not necessarily be proportionate because the EFTA provides for attorneys' fees and costs in addition to the prescribed damages.

### III. COSTS

The Court finds the costs claimed by Hynes to be largely reasonable. However, Hynes seeks costs for computerized legal research of $1,274.29. The Court will disallow these costs because they are sought under a fee-shifting statute. *Standley v. Chilhowee R–IV Sch. Dist.,* 5 F.3d 319 (8th Cir. 1993); *Leftwich v. Harris-Stowe State Coll.,* 702 F.2d 686 (8th Cir. 1983); *cf. In re UnitedHealth Grp. Inc. S'holder Derivative Litig.*, 631 F.3d 913, 918 (8th Cir. 2011) (distinguishing reimbursement pursuant to a negotiated settlement from reimbursement of costs under fee-shifting statutes).

## CONCLUSION

In sum, the Court finds that $23,232.33 in fees and $970.40 in costs compensates Hynes for the time and costs that were reasonably necessary to obtain the relief provided for her by Congress in the EFTA. The total award for attorneys' fees and costs is $24,202.73

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, , **IT IS HEREBY ORDERED** that:

1. Jodi Hynes' Motion for Attorneys' Fees and Costs [Docket No. 34] is **GRANTED in part** and **DENIED in part**.

2. Gregory Heck shall pay Hynes' attorneys' fees in the amount of $23,232.33 plus costs of $970.40.

3. Hynes' remaining claims against McGoldrick, Inc. d/b/a/ Admiral D's and Gregory Heck are **DISMISSED with prejudice**, pursuant to the Parties' Joint Stipulation of Partial Dismissal with Prejudice [Docket No. 33].

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 5, 2013             ____s/ John R. Tunheim____
at Minneapolis, Minnesota.             JOHN R. TUNHEIM
                                                               United States District Judge